UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

MARIA DE JESUS RIOS,

        Plaintiff,

vs.

DOLLAR GENERAL MARKET; *et.al.*,

        Defendants.

Case No. 2:15–cv–2056–JAD–VCF

**ORDER**

      Before the court are Rios's motion to compel (ECF No. 18), Dollar General's response (ECF No. 19), and Rios's reply (ECF No. 21). For the reasons stated below, Rios's motion is denied.

**I. Discussion**

      "A motion to compel may be filed after the close of discovery." *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D.Nev. 1999). "Absent unusual circumstances, it should be filed before the scheduled date for dispositive motions." *Id.* Discovery closed on August 25, 2016. (ECF No. 10) Dispositive motions were due on September 23, 2016. (*Id.*) Dollar General filed its motion for summary judgment on September 9, 2016. (ECF No. 13) Rios responded on September 30, 2016. On December 13, 2016, almost three months after the dispositive motion deadline and two and a half months after she filed her response, Rios filed this motion to compel.[1]

      Rios acknowledges that her motion to compel is untimely, but argues that it should still be considered on its merits because her priority was filing a timely response to Dollar General's motion for summary judgment. This explanation is unpersuasive. Even if this court were to allow Rios leeway

---

[1] Rios served the disputed requests for admission on July 13, 2016. (ECF No. 20) The parties do not dispute that the discovery request itself was timely.

given the strict deadline for filing her opposition to Dollar General's motion for summary judgment, Rios has still not explained why she needed an additional two and a half motions to draft her motion to compel.  *Gault*, 184 F.R.D. at 622.  Rios's motion to compel is therefore denied as untimely.

Although this court denies Rios's motion as untimely, it is worth reminding the parties that "requests for admissions are not principally discovery devices, and they are not to be treated as substitutes for discovery processes to uncover evidence."  *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal. 1998).  Inquires about the existence or non-existence of evidence are better addressed in interrogatories or depositions.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Rios's motion to compel (ECF No. 18) is DENIED without prejudice.  Should all, or part, of this action survive summary judgment, Rios may move the court to reopen discovery for the limited purpose locating relevant store surveillance video.

IT IS SO ORDERED.

DATED this 10th day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE