# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Maria de Jesus Rios, | 2:15-cv-02056-JAD-VCF |
| Plaintiff | **Order Granting Summary Judgment Motion** |
| v. | [ECF No. 13] |
| Dollar General Market and Dolgen Midwest, LLC, | |
| Defendant | |

Plaintiff Maria de Jesus Rios sues Dollar General Market and Dolgen Midwest, LLC for negligence for injuries that she allegedly sustained when she slipped and fell in a puddle at a Dollar General store in North Las Vegas.[1] Dollar General now moves for summary judgment, arguing that Rios cannot prove that the store breached its duty to her because she has no evidence that Dollar General caused the spill or had actual or constructive notice of it.[2] Rios claims that genuine issues of fact regarding whether Dollar General had constructive notice of the spill preclude summary judgment.[3] She alternatively argues that the store's failure to maintain more video footage before and after her fall justifies an adverse inference that bridges any evidentiary gap.[4] I disagree, so I grant Dollar General's motion.

## Background

Rios went grocery shopping at Dollar General in August 2013.[5] When she entered the

---

[1] ECF No. 1-2 at ¶ 6–10 (Rios Compl.).

[2] ECF No. 13.

[3] ECF No. 14.

[4] *Id.*

[5] ECF No. 13-1 at 9:22–10:2 (Rios Dep.).

store and walked down an aisle to buy some eggs, she did not notice any liquid on the floor.[6]  As

Rios headed towards the cash register down that same aisle,[7] she slipped and fell in a puddle of

water.[8]  Approximately ten minutes had passed between Rios's first and second trips down that

particular aisle.[9]  Rios does not know how the water got on the floor[10] or how long it had been

there.[11]  Dollar General's store cameras recorded Rios's fall, but Dollar General claims that it did

not know about the water before Rios fell.[12]  Only one other slip-and-fall was reported at that

location in the five years prior to Rios's incident; that incident occurred four months earlier.[13]

## Discussion

### A.    Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law."[14]  When considering summary judgment, the court views all facts and draws all

inferences in the light most favorable to the nonmoving party.[15]  If reasonable minds could differ

---

[6]  *Id.* at 15:7–17.

[7]  *Id.* at 16:14–15.

[8]  *Id.* at 17:3–7; Exhibit 4 to ECF No. 14 at Channel 3, 4:40. The fall occurs four minutes and forty seconds into the video; the timestamp for the video shows that the fall occurred at 10:15:09. Exhibit 4 is a CD containing video files and was manually filed with the Clerk of Court on 9/30/2016.

[9]  *Id.* at 16:4–6.

[10]  ECF No. 13-1 at 17:8–9.

[11]  *Id.* at 17:10–11.

[12]  ECF No. 13-2 at 1:27–2:8 (Dollar General Interrog.).

[13]  *Id.* at 3:14–23.

[14]  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[15]  *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

on material facts, summary judgment is inappropriate because summary judgment's purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[16]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[17] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; she "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[18]

**B.      Dollar General is entitled to summary judgment on Rios's sole claim.**

Rios's only cause of action against Dollar General is for negligence in failing to inspect, maintain, and warn its customers of unsafe conditions on its floors.[19] To prevail, Rios must plead and prove: "(1) the defendant had a duty to exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was an *actual* cause of the plaintiff's injury; (4) the breach was the *proximate* cause of the injury; and (5) the plaintiff suffered damage."[20] At this summary-judgment stage, the parties primarily contest whether Dollar General breached a duty.

An owner or occupant of property is liable for injuries sustained in a slip-and-fall accident if it caused, knew about, or should have known about the hazard that caused the injury

---

[16] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[18] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[19] ECF No. 1-2.

[20] *Perez v. Las Vegas Medical Center*, 805 P.2d 589, 590–91 (Nev. 1991).

and failed to remedy it.[21]  Dollar General argues that Rios's claim fails because she lacks evidence that Dollar General caused the water puddle or had actual or constructive knowledge of it.[22]  Rios concedes that she has no evidence that Dollar General caused or knew about the puddle.[23]  She argues instead that there is a genuine issue of material fact regarding whether Dollar General had constructive notice of the spill.

Whether Dollar General had constructive notice is, ordinarily, "a question of fact properly left for the jury."[24]  To survive summary judgment, a plaintiff proceeding under a constructive-notice theory in Nevada "is required to offer proof" that the owner "had constructive notice of the hazardous condition" in its store.[25]  A plaintiff satisfies this burden by presenting evidence to show that the hazard is a "virtually continual" condition.[26]

Rios's proof falls well short of this mark.  First, she points to the fact that a different customer allegedly slipped and fell on liquid near the cash registers in this store four months before she did.[27]  But two incidents spread over a four-month period is not sufficient to suggest that the hazard of liquid on the floor near the registers was a "virtually continual" condition at this Dollar General.[28]  Rios also offers proof that six employees were working at the time of her

---

[21]  *See Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322–23 (Nev. 1993).

[22]  ECF No. 13 at .

[23]  ECF No. 14 at 2:25–26.

[24]  *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 323 (Nev. 1993).

[25]  *Id.*

[26]  *See id.*

[27]  ECF No. 15-2 at 4–5 (interrogatories 8 and 9 and responses).  Dollar General's interrogatories state that this customer sued Dollar General in state court and lost on summary judgment.  The customer is appealing that decision.

[28]  *Compare Eldorado Club, Inc. v. Graff*, 377 P.2d 174, 176 (Nev. 1962) (evidence that two similar incidents that occurred one year prior to the slip and fall in question did not properly show that the condition (i.e., presence of foreign debris on a receiving ramp) had "continued and

fall,[29] and that it can be inferred from the video evidence that those employees had time to inspect and clean the floors.[30]  And she notes that no employee can be seen on the video sweeping before her fall.[31]  Finally, Rios argues that Dollar General has no evidence of when the floor was last inspected or swept because its person most knowledgeable did not know if the store kept a sweep log, and he did not know and could not find out if the floor had been inspected within the half hour before Rios fell.[32]

None of this evidence speaks to whether the hazard of liquid on the floor was a "virtually continual" condition in this store.  By offering this evidence, Rios appears to theorize that constructive notice of a hazardous condition can be shown with proof that the site was not adequately inspected or that the hazard was present for a significant amount of time.  But she does not provide any authority to support either proposition, and neither has been adopted as the standard to impute constructive notice of a hazardous condition on a business owner in Nevada.[33]

---

persisted") *with Sprague*, 849 P.2d at 322 (evidence that employees discover debris on the produce department's floor 30–40 times per shift and, due to proliferation of debris, employees sweep the area 6–7 times per shift, and management has instructed employees to be vigilant about cleaning that area sufficient to show a "virtually continual" condition).

[29]  ECF No. 15-3 at 3 (interrogatory 14 and response).

[30]  ECF No. 14 at 6–7.

[31]  Exhibit 4.

[32]  ECF No. 15-4 at 44–45 (43:08–44:18 of the transcript).

[33]  Decisions by Nevada courts on the issue of constructive notice in premises-liability actions since *Sprague* have been consistent with the standard announced in that case.  *See e.g. Ford v. So. Hills Med. Ctr., LLC*, 373 P.3d 914 (Nev. 2011) (unpublished) (finding employee testimony that spills occurred in the area of the fall insufficient to show a "virtually continuous condition that created an ongoing continuous hazard"); *Chasson-Forrest v. Cox Comm. Las Vegas, Inc.*, 2017 WL 1328370 (Nev. Ct. App. Mar. 31, 2017) (evidence that 30% of cases against Cox concern hazardous vault lids, Cox is aware that vault lids can be vandalized, damage to vault lids is so frequent that field technicians carry extra ones when responding to calls, and expert opinion that Cox systematically failed to monitor the lids found to demonstrate genuine issue of fact about whether Cox had constructive notice of the hole in the vault lid in question).

To the extent that Rios seeks to modify the standard, she offers no analysis for why I should find that the Nevada Supreme Court would do so on these facts. And I am not willing to adopt a new rule of state tort law in the absence of authority and analysis.

In sum, Rios has not met her burden to offer proof that the hazard of liquid on the floor was a virtually continual condition. She has not, therefore, established that there is a genuine issue of material fact regarding whether Dollar General had constructive notice of the presence of the liquid on the floor upon which she allegedly fell. Rios's inability to offer evidence to support this element of her claim requires that I enter summary judgment for the defendant.

## C. Rios is not entitled to an adverse inference.

In an effort to overcome her evidentiary deficit, Rios argues that she should get an adverse inference from the store's failure to maintain video showing activity before and after her fall. Discovery revealed that Dollar General's policy in 2014 was to save video footage of the hour before and the hour after an accident in one of its stores.[34] There is, however, no evidence of what Dollar General's video-recording policy was the year before, in 2013, when Rios fell.[35] The video footage of Rios's fall that was maintained by the store[36] covers only the four minutes and forty-six seconds before Rios's fall and the fifteen minutes and thirteen seconds after it.[37]

Rios argues that Dollar General's failure to maintain the footage for the full one-hour period before and after her fall was evidence spoliation that earns her the adverse inference that Dollar General caused or had notice of the puddle.[38] "The prelitigation duty to preserve evidence is imposed once a party is on 'notice' of a potential legal claim."[39] A rebuttable presumption that

---

[34] ECF No. 15-4 at 33:10–33:20 (Peacock Dep.).

[35] *Id.*

[36] *Id.* at 20:10–14.

[37] Exhibit 4 at Channel 3.

[38] ECF No. 14 at 8:13–12:5.

[39] *Bass-Davis v. Davis*, 134 P.3d 103, 108 (Nev. 2006).

missing evidence would have adversely affected the party tasked with maintaining it is raised when evidence is willfully destroyed, and an adverse inference may also be drawn when evidence is lost or destroyed through negligence.[40]

Rios acknowledges that "there is no evidence here that the video was intentionally lost or destroyed with intent to harm [her]."[41]  Nor is there evidence that the video was negligently lost or maintained.  Her argument is that Dollar General violated its own evidence-preservation policy by failing to keep the full hour-long margins of footage before and after the fall.

But there is no evidence that Dollar General's 2014 policy was in effect on August 3, 2013, when Rios fell.[42]  There is also no evidence that any other video-recording policy was in effect on August 3, 2013.[43]  And with no evidence that Dollar General had an obligation under the law or its own company policy to save video of the hour before and the hour after an incident, I cannot conclude that Dollar General breached any evidence-preservation duty by keeping only 20 minutes of the footage, which contains the fall itself.  Thus, no adverse inference is warranted.

### Conclusion

Accordingly, with good cause appearing and no just reason to delay, IT IS HEREBY ORDERED ADJUDGED, and DECREED that Dollar General's motion for summary judgment **[ECF No. 13] is GRANTED.**  The **Clerk of Court is directed to enter judgment in Dollar General's favor** and **CLOSE THIS CASE**.

DATED: August 29, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[40] *Id*. at 111.

[41] ECF No. 14 at 10:24–25.

[42] ECF No. 15–4 at 34:10–20.

[43] *Id.*